IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 30, 2008

Charles R. Fulbruge III
Clerk

No. 07-20103
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

MARC STEVEN TUSHNET

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:01-CR-830-3

Before JOLLY, PRADO, and SOUTHWICK, Circuit Judges.

SOUTHWICK, Circuit Judge:

Marc Steven Tushnet pled guilty to one count of conspiracy to possess with the intent to distribute a detectable amount of 3, 4 methylenedioxymeth-amphetamine (MDMA), thereby violating 21 U.S.C. §§ 841(a)(1), (b)(1)(C), & 846. He also pled guilty to two counts of aiding and abetting the possession with intent to distribute MDMA, violating 21 U.S.C. §§ 841(a)(1) & (b)(1)(C), and 18 U.S.C. § 2. He was sentenced to concurrent sentences of eighty-seven months of imprisonment and three years of supervised release.

On appeal, Tushnet accepts the district court's factual determination that he was accountable for 45,331 MDMA pills. He argues, though, that the court improperly calculated the weight of the pills. Tushnet contends that the court

erred by using the "presumed weight" of 250 mg per MDMA pill suggested by the Typical Weight Per Unit Table contained in the application notes of the United States Sentencing Guidelines, Section 2D1.1. He argues that the district court should have used the figure of 100 mg per pill because each of the approximately 5000 pills analyzed by the Drug Enforcement Administration's (DEA) lab report contained 100 mg of MDMA. Had the district court used the lesser weight, Tushnet's base offense level would have been two levels less.

This Court reviews the district court's interpretation and application of the Sentencing Guidelines de novo; the district court's factual findings are reviewed on appeal for clear error. United States v. Villanueva, 408 F.3d 193, 202, 203 n.9 (5th Cir. 2005). Contrary to Tushnet's contention, the relevant weight is not the actual weight of MDMA detected in each pill, but rather – as the indictment charges – the entire weight of any "mixture or substance containing a detectable amount" of MDMA.

Under the Sentencing Guidelines, except when "otherwise specified, the weight of a controlled substance set forth in the table refers to the entire weight of any mixture or substance containing a detectable amount of the controlled substance." U.S.S.G. § 2D1.1(c), Note A to the Drug Quantity Table. On the other hand, when the Guidelines refer to the net weight of a drug rather than the gross weight of the "filler" and drug together, the designation "(actual)" is used. U.S.S.G. § 2D1.1(c), Note B to the Drug Quantity Table ("The terms 'PCP (actual)', 'Amphetamine (actual)', and 'Methamphetamine (actual)' refer to the weight of the controlled substance, itself, contained in the mixture or substance.").[1]

---

[1]Although MDMA is not specifically included in the Drug Quantity Table to which Note B applies (the amount of MDMA must first be converted into marihuana terms), the Drug Equivalency Tables – where MDMA is included – make comparable distinctions. See U.S.S.G. § 2D1.1, Application Note 10(E) (e.g.,"1 gm of Methamphetamine" equals "2 kg of marihuana"; "1 gm of Methamphetamine (actual)" equals "20 kg of marihuana").

MDMA is not among the controlled substances listed in the Drug Quantity Table we just discussed. However, the same approach – using the pure drug weight only when that is specifically designated – is continued in the Typical Weight Per Unit Table that does apply to MDMA. There, an asterisk appears next to a named drug when the amount of the controlled substance alone is intended and not the drug's weight in combination with a filler. See U.S.S.G. § 2D1.1, Application Note 11. MDMA is not one of the drugs designated with an asterisk. Cf. Chapman v. United States, 500 U.S. 453, 459 (1991) (statute in some instances indicates that the weight of the pure drug is used to determine a sentence; when statute does not so indicate, presumption is that relevant weight is that of the mixture which contains the drug).

Accordingly, the 100 mg of MDMA per-pill amount was not the relevant figure for the district court's calculations. The district court did not err in applying the presumed typical weight of 250 mg indicated by the Sentencing Guidelines when calculating Tushnet's sentence.

AFFIRMED.