**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 10 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50668 |
| Plaintiff - Appellee, | D.C. No. 8:07-cr-00278-CJC-4 |
| v. | |
| VINH HOANG TRAN, AKA Junior, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Submitted December 7, 2010[**]
Pasadena, California

Before: TROTT, WARDLAW, Circuit Judges, and BREWSTER, District Judge.[***]

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Rudi M. Brewster, Senior United States District Judge for the Southern District of California, sitting by designation.

Because the parties are familiar with the facts and circumstances underlying this case, we array them only insofar as necessary to illuminate our decision.

Tran's first issue is that he was denied the identity of the informant in Minnesota who tipped off the police to Tran's controlled substances business in California. The district court held a full hearing on this issue and determined that the informant had no information that could help Tran in his defense. Upon review, we conclude that this decision was an appropriate exercise of the court's discretion. The informant in Minnesota did no more than introduce an undercover officer to the seller of pills in Minnesota and had nothing to do with Tran and his confederates in California.

Tran's assertion that the evidence was insufficient to support his conviction is without merit. The inculpatory testimony of accomplices and co-conspirators plus the contents of the wiretaps was more than sufficient to establish his guilt of the charge.

Last, the district court's adherence to the Sentencing Guidelines was without error. Tran's argument against the use of an entire pill instead of the weight of the active ingredient in the pill to determine quantity is foreclosed by the Guidelines themselves, see USSG § 2D1.1, comment. (n.10(E) and 11), and United States v. Crowell, 9 F.3d 1452, 1454-55 (9th Cir. 1993). See also United States v. Tushnet,

526 F.3d 823, 824 (5th Cir. 2008); <u>United States v. Krasinski</u>, 545 F.3d 546, 553 (7th Cir. 2008).

AFFIRMED